*POSTED ON WEBSITE*
*NOT FOR PUBLICATION*

# UNITED STATES BANKRUPTCY COURT

# EASTERN DISTRICT OF CALIFORNIA

In re

JAMIE BENJAMIN BILLMAN and
MELISSA MARNELL BILLMAN,

             Debtor.

)
)
)
)
)
)
)
)

Case No.  19-90989-E-7
Docket Control No.  FRB-1

**This Memorandum Decision is not appropriate for publication.**
**It may be cited for persuasive value on the matters addressed.**

## MEMORANDUM OPINION AND DECISION

      First Savings Bank ("Movant") has filed a Motion for Relief From the Stay (Dckt. 139) and the Supplement to the Motion (Dckt. 181) that states with particularity the grounds and relief sought, as required by Federal Rule of Bankruptcy Procedure 9013.  The Motion for Relief from the Automatic Stay has been set for hearing on the notice required by Local Bankruptcy Rule 9014-1(f)(1).  Sufficient notice has been provided, the Proof of Service states that the Motion and supporting pleadings were served on Debtors, Debtor's Attorney, Chapter 7 Trustee, Lienholders, and Office of the United States Trustee on April 10, 2020.  By the court's calculation, 55 days' notice was provided.  Twenty-eight days' notice is required.  Failure of the respondent and other parties in interest to file written opposition at least fourteen days prior to the hearing as required by Local Bankruptcy Rule 9014-1(f)(1)(B) is considered to be the equivalent of a statement of nonopposition.  *Cf. Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (upholding a court ruling based upon a local

1   rule construing a party's failure to file opposition as consent to grant a motion). Therefore, the

2   defaults of the non-responding parties and other parties in interest are entered.

3   These stated grounds include the following:

A.   The Debtors are guarantors of a $2,000,000.00 loan ("Loan") that Movant made to Cool Roofing Systems, Inc. ("Borrower") on June 27, 2019. (The loan documents are identified and authenticated.)

B.   On June 27, 2019, the Debtors also each executed and delivered to Movant unconditional guaranties ("J. Billman Guaranty" and "M. Billman Guaranty," respectively) whereby J. Billman "guarantee[d] payment to [Movant] of all amounts owing under the Note" and M. Billman guarantied payment to Movant of the amount Borrower's loan obligations limited to the value of the 4498 Burson Property.

C.   On June 27, 2019, J. Billman, as trustee for the Jamie B. Billman Revocable Trust dated February 23, 2007 ("Trust"), executed and delivered to Movant an unconditional guaranty ("Trust Guaranty" and together with J. Billman Guaranty and M. Billman Guaranty, "Guaranties"), guarantying Borrower's loan obligations.

D.   The Debtors and the Trust pledged four parcels of real property as security to support their respective guaranties. In particular, the Debtors executed and delivered to Movant:

   1.   A second deed of trust ("4498 Burson Deed of Trust") against the real property at 4498 S. Burson Road, Valley Springs, CA 95252 ("4498 Burson Property"),

   2.   J. Billman, as trustee for the Trust, executed and delivered to Movant

      a.   A first deed of trust ("Vacant Land Deed of Trust") against certain vacant land located on Burson Road in Valley Springs, CA 95225 ("Vacant Land"),

      b.   A first deed of trust ("3968 Burson Deed of Trust") against the real property located at 3968 Burson Road, Valley Springs, CA 95225 ("3968 Burson Property"), and

      c.   A second deed of trust ("Shooting Star Deed of Trust") against the real property located at 12309 Shooting Star Court, Groveland, CA 95321 ("Shooting Star Property" and together with 4498 Burson Property, Vacant Land, and 3968 Burson Property, the "Real Property Collateral").

E.   The Real Property Collateral is worth, collectively, $2,954,000.00.

F.   In addition to the Real Property Collateral, discussed above, Borrower pledged personal property collateral, consisting of equipment, inventory, accounts, instruments, chattel paper, and general intangibles ("Personal Property Collateral") to secure repayment of Borrower's loan obligations to Movant, which are not the subject of this Motion. Movant believes it may realize about $50,000.00 from the Personal Property Collateral.

///

2

G.   As of March 23, 2020, the amount of Movant's claim against Debtors and property of the estate totals not less than $2,047,844.13.

H.   All together, the total net realizable value (current market value of Collateral above and beyond senior liens, including property taxes, and after deducting costs of sale) of the Collateral is $2,284,193.09.

I.   Movant submits that a 9.57% equity cushion is insufficient to provide adequate protection to the Movant under the circumstances of this case. Senior debt on the Real Property Collateral is not being serviced, and ad valorem real property taxes continue to accrue and are also not being paid. Further, payments have not been made to Movant in several months. As a result, the existing equity cushion continues to erode rapidly.

Movant is also concerned about insurance coverage for the Real Property Collateral lapsing.

Accordingly, Movant submits that "cause" exists under § 362(d)(1)

J.   In addition, Movant seeks a waiver of the stay imposed by Federal Rule of Bankruptcy Procedure 4001(a)(3), with there being no opposition stated to the Motion and the cause grounds stated above.

K.   Movant made a loan to Cool Roofing Systems ("Borrower"), which the Debtors guaranteed. The guaranty is secured by "real properties." *Id.*, p. 2:3-5.

L.   Debtors owe Movant's not less than $2,000,000.00 on the guaranty. *Id.*, p. 2:6.

M.   The "real properties" are "either underwater or very close to being under water." *Id.*, p. 2:6-7.

N.   "Any equity cushion is eroding to nothing, and Movant is not adequately protected." *Id.*, p. 2:8-9.

O.   "Cause exists for the Court to grant immediate relief from the stay." *Id.*, p. 2:9-10.

P.   For grounds, the identity of the collateral, the values of the collateral, the amount of the debt, what is asserted to be cause, and other basis for the relief, the court is instructed to read other pleadings, including the Memorandum of Points and Authorities, Declarations, Request for Judicial Notice, and Appendix of Exhibits filed with the Motion. *Id.*, p. 2:1-12.

**Other Pleadings Filed by Movant**

To support the grounds stated with particularity in the Motion, Movant has filed the following additional pleadings:

A.   Declaration of Theodore Krings (2 pages), Dckt. 141.

1.   Mr. Krings testifies that he is a license real estate appraiser and he has appraised three properties identified in the declaration.

///

3

2.   He has prepared three appraisals, which are filed as Exhibits 10, 11, and 12 in support of the Motion.

B.   Declaration of Thomas Maciejewski (6 pages), Dckt. 142.

   1.   He is a vice president for Movant.

   2.   He provides testimony about the loan made to borrower and the guaranty given by Debtors.

   3.   His testimony includes how Movant computes the amount of the obligation.

   4.   He then restates what he reads the appraisals state.

   5.   Using information from the appraisal reports, tax records, and his debt calculations, Mr. Maciejewski testifies as to how he computes the value of any equity cushion.

   6.   Buried in a footnote in the Declaration, Mr. Maciejewski makes reference to other, unspecified, collateral provided by the Borrower for the obligation that Debtors have guaranteed.

C.   Declaration of Melvin Peters (2 pages), Dckt. 143.

   1.   Mr. Peters testifies that he is a real estate appraiser.

   2.   He testifies that he appraised an identified property, with his appraisal report filed as Exhibit 13.

D.   Declaration of Gerrick Warrington (2 pages) , Dckt. 144.

   1.   Mr. Warrington testifies he is an attorney with the law firm that is representing Movant in this Contested Matter.

   2.   Mr. Warrington authenticates several Exhibits (Exhibits 14, and 16-19).

E.   Appendix of Exhibits (208 pages), Dckt. 145.

   1.   There are 19 Exhibits provided.  These include the four appraisal reports, Schedule D, Claims Register, and four tax bills.

F.   Memorandum of Points and Authorities (4 pages), Dckt. 146.

   1.   The first two pages of text (not including the caption page) of the "Points and Authorities" states many factual grounds upon which the Motion would appear to be based.

   2.   Pages four and five of text include factual grounds upon which the Motion is based.

   3.   The last part of page five is a statement of the grounds upon which Movant seeks to have the court waive the fourteen-day stay of enforcement imposed by Federal Rule of Bankruptcy Procedure 4001(a)(3).

///

4

G.      Request for Judicial Notice (2 pages), Dckt. 147.

      1.     Judicial Notice is requested for the following identified documents:

            a.     Exhibit 14, Debtor's Schedule D. (A document filed in this court's case.)

            b.     Exhibit 15, a printout of the Claims Register in this case.

            c.     Exhibits 16-19 - the amount of taxes as shown on printouts which Mr. Warrington authenticates in his Declaration.

## DECISION

First Savings Bank ("Movant") seeks relief from the automatic stay with respect to Jamie Benjamin Billman and Melissa Marnell Billman's ("Debtors") real properties commonly known as:

A.      12309 Shooting Star Court, Groveland, California;

B.      4498 Burson Road, Valley Springs, California;

C.      3968 Burson Road, Valley Springs, California; and

D.      Vacant land (38 acres) located at Burson Road, Valley Springs, California collectively, ("Properties").

Movant has provided the following: Declaration of Thomas Maciejewski, Declaration of Melvin Peters, Declaration of Theodore Krings, Declaration of Melvin Peters, and the Declaration of Gerrick M. Warrington to introduce evidence to authenticate the documents upon which it bases the claim and the obligation secured by the Properties. Dckts. 141, 142, 143, 144. In support of the Motion, Movant has also provided a total of 19 exhibits, all properly authenticated through the declarations previously listed. Dckt. 145. As part of the exhibits, Movant provided copies of the four Appraisal Reports of the Properties. The Reports have been properly authenticated by their respective appraisers.

Movant argues that Debtor has not made any post-petition payments. Declaration, Dckt. 142.

**Debtor's Obligation As Guarantor**

The Motion expressly and clearly states that Debtor provided a personal guaranty for the obligation of Cool Roofing Systems, Inc. The copy of the Loan Agreement shows that Cool Roofing Systems, Inc. is obligated for the debt on the loan. Exhibit 1, Dckt. 145.

The first page of Exhibit 3 is titled "U.S. Small Business Administration

UNCONDITIONAL GUARANTEE." Dckt. 145 at 12 (emphasis in original). It identifies Cool Roofing Systems, Inc. as the "SBA Loan Name/Borrower" and "Jamie B. Billman" as the "Guarantor" of the obligation of Cool Roofing Systems, Inc. Under Section 1 of the Guarantee, there is the following language:

> Guarantor unconditionally guarantees payment to lender of all amounts owing under the Note. This Guarantee remains in effect until the Note is paid in full. Guarantor must pay all amounts due under the Note when Lender makes written demand upon Guarantor. Lender is not required to seek payment from any other source before demanding payment from Guarantor.

*Id*.

The first page of Exhibit 4 is titled "U.S. Small Business Administration UNCONDITIONAL LIMITED GUARANTEE." Dckt. 145 at 18 (emphasis in original). It identifies Cool Roofing Systems, Inc. as the "SBA Loan Name/Borrower" and "Melissa M. Cotta" as the "Guarantor" of the obligation of Cool Roofing Systems, Inc. Under Section 1 of the Guarantee, there is the following language:

> Guarantor unconditionally guarantees payment to lender of all amounts owing under the Note, as limited below. This Guarantee remains in effect until the Note is paid in full. Guarantor must pay all amounts due under the Note when Lender makes written demand upon Guarantor. Lender is not required to seek payment from any other source before demanding payment from Guarantor.

*Id*.

The limitation is qualified under Section 4 of the guarantee:

> COLLATERAL/RECOURSE: The guarantee is limited to the amount lender obtains from the following Collateral pledged by Guarantor.
>
> Property known as 4498 S. Burson Road, Valley Springs, CA 95252.

*Id*. at 19.

As to the third guarantee provided by Movant, the first page of Exhibit 5 is titled "U.S. Small Business Administration UNCONDITIONAL GUARANTEE." Dckt. 145 at 24 (emphasis in original). It identifies Cool Roofing Systems, Inc. as the "SBA Loan Name/Borrower" and "Jamie B. Billman Revocable Trust dated February 23, 2007" as the "Guarantor" of the obligation of Cool Roofing Systems, Inc. Under Section 1 of the Guarantee, there is the following language:

///

> Guarantor unconditionally guarantees payment to lender of all amounts owing under the Note. This Guarantee remains in effect until the Note is paid in full. Guarantor must pay all amounts due under the Note when Lender makes written demand upon Guarantor. Lender is not required to seek payment from any other source before demanding payment from Guarantor.

*Id.*

Movant provides the deeds of trust for all four properties which show Debtors transferring the deeds to Movant. Exhibits 6, 7, 8, 9. Dckt. 145.

From the evidence provided to the court, and only for purposes of this Motion for Relief, the debt secured by this asset is determined to be $2,047,844.13. Declaration, Dckt. 142. Debtors value the Property at $3,245,000.00, as stated in Schedules B and D filed by Debtors. Dckt. 27. Movant values the Property at $2,954,000.00. Declaration, Dckt. 142.

**11 U.S.C. § 362(d)(1): Grant Relief for Cause**

Whether there is cause under 11 U.S.C. § 362(d)(1) to grant relief from the automatic stay is a matter within the discretion of a bankruptcy court and is decided on a case-by-case basis. *See J E Livestock, Inc. v. Wells Fargo Bank, N.A. (In re J E Livestock, Inc.)*, 375 B.R. 892 (B.A.P. 10th Cir. 2007) (quoting *In re Busch*, 294 B.R. 137, 140 (B.A.P. 10th Cir. 2003)) (explaining that granting relief is determined on a case-by-case basis because "cause" is not further defined in the Bankruptcy Code); *In re Silverling*, 179 B.R. 909 (Bankr. E.D. Cal. 1995), *aff'd sub nom. Silverling v. United States (In re Silverling)*, No. CIV. S-95-470 WBS, 1996 U.S. Dist. LEXIS 4332 (E.D. Cal. 1996). While granting relief for cause includes a lack of adequate protection, there are other grounds. *See In re J E Livestock, Inc.*, 375 B.R. at 897 (quoting *In re Busch*, 294 B.R. at 140). The court maintains the right to grant relief from stay for cause when a debtor has not been diligent in carrying out his or her duties in the bankruptcy case, has not made required payments, or is using bankruptcy as a means to delay payment or foreclosure. *W. Equities, Inc. v. Harlan (In re Harlan)*, 783 F.2d 839 (9th Cir. 1986); *Ellis v. Parr (In re Ellis)*, 60 B.R. 432 (B.A.P. 9th Cir. 1985). The court determines that cause exists for terminating the automatic stay, including defaults in post-petition payments that have come due. 11 U.S.C. § 362(d)(1); *In re Ellis*, 60 B.R. 432.

Here, Movant asserts that "cause" for granting relief from the stay exists on the following

7

grounds. Movant made a $2,000,000.00 loan to Cool Roofing Systems, Inc. ("Borrower") on June 27, 2019, with Debtors guarantying Borrower's loan obligations. Exhibits 1-5, Dckt. 145. The evidence presented by Movant demonstrates that the Property securing the obligation of Cool Roofing Systems, Inc. is owned by Debtors. Furthermore, Debtors listed the Movant as a creditor with a claim secured by property in Schedule D, Dckt. 27. This shows Debtors knowledge that they are liable for this debt as their own and not an obligation owned by Cool Roofing Systems, Inc. Thus, Debtors are the proper party for whom Movant seeks relief.

The instant bankruptcy was filed on November 1, 2019. Dckt. 1. Debtors have not made any payment for their guaranty obligations on the loan since November 2019. Declaration, Dckt. 142. Moreover, Movant is not adequately protected. Movant presents appraisal reports valuing the Property at $2,954,000.00. Though that may seem like a high valuation which provides for equity cushion, Movant shows that such is not the case. While Movant estimates that there is a 9.11% equity cushion, the court agrees with Movant that this equity cushion is quickly declining due to the accrual of interests, fees, and ad valorem real estate property taxes that Debtors have failed to pay. *See* Exhibits 16, 17, 18, 19, Dckt. 145.

The Chapter 7 Trustee has not opposed this Motion. The Trustee has been actively administering other assets of the estate.

The court shall issue an order terminating and vacating the automatic stay to allow Movant, and its agents, representatives and successors, and all other creditors having lien rights against the Property, to conduct a nonjudicial foreclosure sale pursuant to applicable nonbankruptcy law and their contractual rights, and for any purchaser, or successor to a purchaser, at the nonjudicial foreclosure sale to obtain possession of the Property.

**Request for Waiver of Fourteen-Day Stay of Enforcement**

Federal Rule of Bankruptcy Procedure 4001(a)(3) stays an order granting a motion for relief from the automatic stay for fourteen days after the order is entered, unless the court orders otherwise. Movant requests that the court grant relief from the Rule as adopted by the United States Supreme Court.

Movant has pleaded adequate facts and presented sufficient evidence to support the court

waiving the fourteen-day stay of enforcement required under Federal Rule of Bankruptcy Procedure
4001(a)(3), and this part of the requested relief is granted.

       No other or additional relief is granted by the court.

**Dated:**  June 12, 2020                              **By the Court**

Ronald H. Sargis, Judge
United States Bankruptcy Court

# Instructions to Clerk of Court
### Service List - Not Part of Order/Judgment

**The Clerk of Court is instructed to** send the Order/Judgment or other court generated document transmitted herewith *to the parties below*. The Clerk of Court will send the document via the BNC or, if checked _____, via the U.S. mail.

| **Debtor**(s) | **Attorney for the Debtor**(s) (if any) |
|---|---|
| **Bankruptcy Trustee** (if appointed in the case) | Office of the U.S. Trustee<br>Robert T. Matsui United States Courthouse<br>501 I Street, Room 7-500<br>Sacramento, CA 95814 |
| **Attorney for the Trustee** (if any) | Gerrick M. Warrington, Esq.<br>1000 Wilshire Blvd., 19th Floor<br>Los Angeles, CA 90017-2427 |